ORIGINAL

FILED

NOV 19 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
OAKLAND

ADR

1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates, LLC
3  6404 Merlin Drive
   Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
7  1100 Summer Street
   Stamford, CT  06905
8  Telephone:  (203) 653-2250
   Facsimile:  (203) 653-3424
9
10 Attorneys for Plaintiff,
   Michelle Langston
11
12
13              UNITED STATES DISTRICT COURT
14            NORTHERN DISTRICT OF CALIFORNIA
15
16 Michelle Langston,                Case No.: **C12-5915**
17              Plaintiff,            **COMPLAINT FOR DAMAGES**
                                      **1. VIOLATION OF FAIR DEBT**
18       vs.                          **COLLECTION PRACTICES ACT,**
                                      **15 U.S.C. § 1692 ET. SEQ;**
19 CIR, Law Offices; and DOES 1-10,   **2. VIOLATION OF FAIR DEBT**
   inclusive,                         **COLLECTION PRATICES ACT,**
20                                    **CAL.CIV.CODE § 1788 ET. SEQ.**
              Defendants.
21                                    **JURY TRIAL DEMANDED**
22
23
24
25
26
27
28
   ─────────────────────────────────────────────
                              COMPLAINT FOR DAMAGES

1      For this Complaint, the Plaintiff, Michelle Langston, by undersigned counsel,

2

3 states as follows:

4 **JURISDICTION**

5      1.      This action arises out of Defendants' repeated violations of the Fair Debt

6 Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of

7

8 Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to

9 collect a consumer debt.

10      2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

11

12      3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

13 Defendants transact business here and a substantial portion of the acts giving rise to

14 this action occurred here.

15

16 **PARTIES**

17      4.      The Plaintiff, Michelle Langston (hereafter "Plaintiff"), is an adult

18 individual residing in Oakland, California, and is a "consumer" as the term is defined

19

20 by 15 U.S.C. § 1692a(3).

21      5.      Defendant CIR, Law Offices ("CIR"), is a California business entity with

22 an address of 8665 Gibbs Drive, Suite #150, San Diego, California 92123, operating

23

24 as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. §

25 1692a(6).

26

27

28

2                 COMPLAINT FOR DAMAGES

6.    Does 1-10 (the "Collectors") are individual collectors employed by CIR and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.    CIR at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8.    The Plaintiff allegedly incurred a financial obligation (the "Debt") to Capital One (the "Creditor").

9.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to CIR for collection, or CIR was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    CIR Engages in Harassment and Abusive Tactics**

12.    Within the last year, CIR contacted Plaintiff in an attempt to collect the Debt by placing calls to Plaintiff's residential home and place of employment.

COMPLAINT FOR DAMAGES

13.     Each time Plaintiff answered CIR's calls placed to her residence, there was nobody on the other end with whom Plaintiff could speak. Often times CIR would terminate the call when Plaintiff answered.

14.     CIR contacted Plaintiff at her place of employment in an attempt to collect the debt and spoke with Plaintiff's co-worker, Patricia McConihe. CIR told McConihe that it was Plaintiff's friend, and left a number for Plaintiff to return the call.

15.     During the initial conversation with Plaintiff, CIR demanded that Plaintiff pay the Debt by September 24th, and told Plaintiff she must pay the sum of $2,534.93.

16.     Plaintiff informed CIR that she could not afford to pay the amount demanded by CIR. Plaintiff further advised CIR that she had no ability to pay any amount and instructed CIR stop calling her as no payment would be forthcoming.

17.     Thereafter, CIR continued calling Plaintiff in an attempt to collect the Debt.

18.     During a subsequent conversation, Plaintiff reiterated that the Debt could not and would not be paid. In response, CIR threatened that it would begin garnishing Plaintiff's wages on the September 24th deadline if the amount demanded by CIR was not paid.

1    19.    Plaintiff is informed and believes that CIR neither sued nor obtained a
2
3    judgment against Plaintiff, and therefore had no present ability or authority to affect a
4    garnishment of Plaintiff's wages as threatened.

5    20.    Plaintiff did not make a payment to CIR by the deadline, and CIR did not
6
7    commence garnishment as threatened.

8    **Plaintiff Suffered Actual Damages**

9    21.    The Plaintiff has suffered and continues to suffer actual damages as a
10
11   result of the Defendants' unlawful conduct.

12   22.    As a direct consequence of the Defendants' acts, practices and conduct,
13   the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety,
14
15   emotional distress, fear, frustration and embarrassment.

16   23.    The Defendants' conduct was so outrageous in character, and so extreme
17   in degree, as to go beyond all possible bounds of decency, and to be regarded as
18
19   atrocious, and utterly intolerable in a civilized community.

20                                      **COUNT I**
        **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
21                            **15 U.S.C. § 1692, et seq.**

22   24.    The Plaintiff incorporates by reference all of the above paragraphs of this
23
24   Complaint as though fully stated herein.

25

26

27

28

---

                                      5                    COMPLAINT FOR DAMAGES

25.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

26.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

27.     The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

28.     The Defendants misrepresented the character and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

29.     The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

30.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

31.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

32.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

COMPLAINT FOR DAMAGES

33.     The Plaintiff is entitled to damages as a result of the Defendants'
violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION
## PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

34.     The Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

35.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code
section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and
practices in the collection of consumer debts.

36.     CIR, Law Offices, in the regular course of business, engages in debt
collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

37.     The Defendants threatened the Plaintiff with garnishment or attachment
of his wages if the debt was not paid, without intending to institute such proceedings,
in violation of Cal. Civ. Code § 1788.10(e).

38.     The Defendants caused a telephone to ring repeatedly and engaged the
Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation
of Cal. Civ. Code § 1788.11(d).

39.     The Defendants communicated with the Plaintiff with such frequency as
to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

**1** 40. The Defendants failed to comply with the provisions of 15 U.S.C. §

**2**
**3** 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

**4** 41. The Defendants did not comply with the provisions of Title 15, Section

**5** 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

**6**
**7** 42. The Plaintiff is entitled to damages as a result of the Defendants'

**8** violations.

**9**
**10**
## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

**11** 43. The Plaintiff incorporates by reference all of the above paragraphs of this

**12** Complaint as though fully stated herein.
**13**

**14** 44. The Restatement of Torts, Second, § 652B defines intrusion upon

**15** seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of

**16** another, or his private affairs or concerns, is subject to liability to the other for
**17**
**18** invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

**19** 45. California further recognizes the Plaintiff's right to be free from

**20** invasions of privacy, thus the Defendants violated California state law.
**21**

**22** 46. The Defendants intentionally intruded upon Plaintiff's right to privacy by

**23** continually harassing Plaintiff with the above referenced telephone calls.

**24** 47. The telephone calls made by the Defendants to Plaintiff were so
**25**
**26** persistent and repeated with such frequency as to be considered, "hounding the
**27**
**28**

8                    COMPLAINT FOR DAMAGES

1  plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement

2  of Torts, Second, § 652B requirement for an invasion of privacy.

3

4  48.  The conduct of the Defendants in engaging in the illegal collection

5  activities resulted in multiple invasions of privacy in such a way as would be

6  considered highly offensive to a reasonable person.

7

8  49.  As a result of the intrusions and invasions, the Plaintiff is entitled to

9  actual damages in an amount to be determined at trial from the Defendants.

10  50.  All acts of the Defendants and its agents were committed with malice,

11  intent, wantonness, and recklessness, and as such, the Defendants are subject to

12

13  punitive damages.

14  **PRAYER FOR RELIEF**

15  WHEREFORE, the Plaintiff prays that judgment be entered against the

16

17  Defendants:

18  A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the

19

20  Defendants;

21  B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A)

22  against the Defendants;

23

24  C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

25  § 1692k(a)(3) against the Defendants;

26  D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

27

28

COMPLAINT FOR DAMAGES

1    E. Statutory damages of $1,000.00 for knowingly and willfully committing

2       violations pursuant to Cal. Civ. Code § 1788.30(b);

3

4    F. Actual damages from the Defendants for the all damages including

5       emotional distress suffered as a result of the intentional, reckless, and/or

6       negligent FDCPA violations and intentional, reckless, and/or negligent

7

8       invasions of privacy in an amount to be determined at trial for the

9       Plaintiff;

10

11   G. Punitive damages; and

12   H. Such other and further relief as may be just and proper.

13

14                    **TRIAL BY JURY DEMANDED ON ALL COUNTS**

15

16

17
     DATED:  November 13, 2012              TAMMY HUSSIN
18

19

20                                          By:___*/s/  Tammy Hussin*_____
21                                          Tammy Hussin, Esq.
                                            Lemberg & Associates, LLC
22                                          Attorney for Plaintiff, Michelle Langston

23

24

25

26

27

28
_____
                                      10        COMPLAINT FOR DAMAGES